UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 15-CV-

TOWN OF DEDHAM, by and through its
BOARD OF SELECTMEN,

    Plaintiff

v.

FEDERAL ENERGY REGULATORY
COMMISSION and ALGONQUIN GAS
TRANSMISSION, LLC

    Defendants

COMPLAINT

## INTRODUCTION

The plaintiff, Town of Dedham ("Town") seeks a declaration that the right afforded the Town under the Natural Gas Act, 15 U.S.C. § 717, *et seq* (the "Act"), to judicial review of decisions of the defendant Federal Energy Regulatory Commission ("FERC") obligates FERC to exercise its authority to order a stay of construction of certain segments of a high-pressure gas pipeline by the defendant Algonquin Gas Transmission, LLC ("Algonquin"), during the pendency of FERC's consideration of the Town's Request for Rehearing of an order issued by FERC approving the construction – a Request that the Town was statutorily required to file in order to obtain judicial review.

## PARTIES

1. The Town is a municipal corporation with a principal place of business at 26 Bryant Street, Dedham, Massachusetts.

2. FERC is an agency of the U.S. government charged with, among other things, regulation of the interstate transmission of natural gas, including the review of proposals to build interstate natural gas pipelines. It has a service address of 888 First Street, NE Washington, D.C.

3. Algonquin is a corporation that, among other things, builds pipelines to conduct the interstate transmission of natural gas. It is registered with the Massachusetts Secretary of State's Corporation Division, with a principal office at 1284 Soldiers Field Road, Boston, Massachusetts and a registered agent at 101 Federal Street, Boston, Massachusetts.

## JURISDICTION

4. The Court has jurisdiction over the claims set forth herein pursuant to the Act, 15 U.S.C. §717u, which provides the U.S. District Courts with jurisdiction over all suits brought to enforce any duty created by the Act; and 28 U.S.C. 2201(a), which provides all Courts of the United States with jurisdiction to declare the legal rights of parties.

## STATUTORY FRAMEWORK

5. The Act, 15 U.S.C. §§717–717z, regulates "matters relating to the transportation of natural gas and the sale thereof in interstate and foreign commerce." 15 U.S.C. § 717(a).

6. In order to construct or operate a pipeline for the transmission of natural gas, a company subject to FERC's jurisdiction (such as Algonquin) must obtain from FERC a Certificate of Public Convenience and Necessity ("Certificate"). See 15 U.S.C. § 717f(c)(1)(A)

7. The Act provides a right of judicial review of FERC's issuance of a Certificate to those who participate in FERC's review of the application for a Certificate (such as the Town). See 15 U.S.C. §717r(b).

8. A statutory prerequisite to seeking such review is the filing of a Request for Rehearing with FERC, within 30 days of the issuance of the Certificate. <u>See</u> 15 U.S.C. §717r(a).

9. FERC has discretion to grant or deny rehearing. <u>Id</u>.. If FERC does not act upon a Request for Rehearing within 30 days after it is filed, the Request is deemed denied. <u>Id</u>. The Act does not provide a deadline by which FERC must issue a final decision on a Request for Rehearing if it grants such a Request.

10. Only after FERC has either denied the Request for Rehearing, or taken final action upon the merits of the Request, may one seek judicial review of the order issuing a Certificate. Such review must be sought in the appropriate Court of Appeals. <u>See</u> 15 U.S.C. § 717r(a)-(b).

11. The filing of a Request for Rehearing order "shall not, <u>unless specifically ordered by [FERC]</u>, operate as a stay of [FERC's] order." <u>See</u> 15 U.S.C. § 717r(c) (emphasis added).

12. The Act is silent as to whether an order shall be stayed following FERC's grant of a Request for Rehearing.

## FACTS

13. On March 3, 2015, FERC issued a Certificate to Algonquin, authorizing the company to construct the Algonquin Incremental Market Project in New York, Connecticut, Rhode Island, and Massachusetts.

14. As is relevant to this matter, the project includes construction of a 4.9-mile high-pressure pipeline, or "Lateral," that will transmit gas from Algonquin's existing facilities in the

Town of Westwood, to a new meter and regulating station in the West Roxbury neighborhood of Boston.

15. Three miles of the Lateral will be constructed in the Town of Dedham, crossing heavily-populated and highly-developed residential and commercial neighborhoods, and along local streets and regional highways with high traffic volumes.

16. On April 2, 2015, the Town filed a Request for Rehearing of the order issuing the Certificate. Eight other entities also filed Requests for Rehearing. In its Request, the Town raised concerns regarding the effects on the public health and welfare of both construction and operation of the Lateral.

17. On May 1, 2015, FERC issued an Order Granting Rehearing for Further Consideration. This order states that rehearing is being granted "to afford additional time for consideration of the matters raised or to be raised" in the Town's Request. This order does not specify or limit the duration of FERC's consideration.

18. The Order Granting Rehearing (also called a "tolling order") prevents the Town from seeking judicial review of FERC's issuance of the Certificate, while FERC considers the arguments raised in the Town's Request for Rehearing.

19. On June 8, 2015, Algonquin filed a request for a Notice to Proceed from FERC, to allow construction to begin on certain segments of its new pipeline, including those segments that run through the Town.

20. On June 9, 2015, the Town filed an Opposition to the request for a Notice of Proceed, arguing that no construction should commence until FERC has considered and acted upon its Request for Rehearing.

21. On June 11, 2015, FERC issued the Notice to Proceed.

## COUNT I
### (Declaratory Judgment)

22. The Town hereby repeats and incorporates by reference herein the allegations set forth in Paragraphs 1 through 21, above.

23. The Act guarantees the Town a right of judicial review of FERC's order issuing the Certificate.

24. Such review must be meaningful.

25. The Town is statutorily required to file a Request for Rehearing prior to seeking judicial review.

26. The Town will suffer harms related to public health and welfare if construction on the pipeline is permitted to proceed (and perhaps be completed) under the terms of the Certificate.

27. FERC's acceptance of the Town's Request for Rehearing demonstrates that there is merit to the Town's concerns regarding the harms associated with the pipeline.

28. These harms are not remediable by judicial remedy.

29. As such, allowing construction on the pipeline to proceed while FERC considers the Town's Request for Rehearing renders meaningless the Town's right to judicial review of the FERC Certificate authorizing such construction (should FERC's action on the Request be unfavorable to the Town).

30. In order to effect the Town's right to meaningful judicial review, FERC has a duty to order a stay of construction during the pendency of its consideration of the Town's Request for Rehearing.

## COUNT II
### (Injunctive Relief)

31. If construction on those segments of the pipeline that run through the Town is not immediately stayed, the Town will suffer the harms associated with construction (and possible completion) of the pipeline.

32. If construction on those segments of the pipeline that run through the Town is not immediately stayed, the Town's right to meaningful judicial review of the order issuing the Certificate will be lost.

33. The above-described harms are not remediable if the Town ultimately prevails, either on Rehearing before FERC or on judicial review.

34. Injunctive relief is necessary to avoid the above-described harms.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court:

    a. Enter a preliminary injunction, ordering FERC to immediately exercise its authority to stay construction of those segments of the Algonquin pipeline to be built in the Town during the pendency of FERC's consideration of the Town's Request for Rehearing;

    b. Declare that the Town's statutory right to meaningful judicial review of FERC's decision to issue the Certificate at issue obligates FERC to exercise its authority as described in (a), above;

c. Award such additional relief as the Court deems just and appropriate.

          TOWN OF DEDHAM, by and through its
          Board of Selectmen,

          By its attorneys,

          /s/ Jackie Cowin
          Jackie Cowin (BBO# 655880)
          Jonathan D. Eichman (BBO# 641227)
          John J. Goldrosen (BBO# 634434)
          Kopelman and Paige, P.C.
           Town Counsel
          101 Arch Street, 12th Floor
          Boston, MA 02110-1109
          (617) 556-0007
          jcowin@k-plaw.com
          jeichman@k-plaw.com
          jgoldrosen@k-plaw.com

524106/DEDH/0191