UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.  15-CV-12352

TOWN OF DEDHAM, by and through its
BOARD OF SELECTMEN,

     Plaintiff

v.

FEDERAL ENERGY REGULATORY
COMMISSION and ALGONQUIN GAS
TRANSMISSION, LLC

     Defendants

MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION

I.     INTRODUCTION

     In the underlying matter, the plaintiff Town of Dedham ("Town"), seeks a declaration

that the right afforded the Town under the Natural Gas Act, 15 U.S.C. § 717, *et seq* (the "Act"),

to judicial review of decisions by the defendant Federal Energy Regulatory Commission

("FERC") obligates FERC to exercise its authority to stay construction of a high-pressure gas

pipeline by the defendant Algonquin Gas Transmission, LLC ("Algonquin"), during the

pendency of FERC's consideration of the Town's Request for Rehearing of an order issued by

FERC approving said construction – a Request that the Town was statutorily required to file in

order to obtain judicial review of said order.

     The Town also seeks a preliminary injunction, requiring FERC to immediately exercise

its authority to stay construction of those segments of the pipeline that will run through the Town

– which was scheduled to commence on June 16, 2015 – during the pendency of the Town's

underlying action on the grounds that, absent injunctive relief, the Town's statutory right to

judicial review of the order allowing construction, which the Town seeks to preserve through its underlying action, will be rendered meaningless.

The within Memorandum is submitted in support of the Town's motion for preliminary injunction.

II.    STATUTORY FRAMEWORK

1.   The Act, 15 U.S.C. §§ 717–717z, regulates "matters relating to the transportation of natural gas and the sale thereof in interstate and foreign commerce." 15 U.S.C. § 717(a).

2.   In order to construct or operate a natural gas pipeline, a company subject to FERC's jurisdiction (such as Algonquin) must obtain from FERC a Certificate of Public Convenience and Necessity ("Certificate"). See 15 U.S.C. § 717f(c)(1)(A).  FERC conducts an environmental analysis of the proposed project, during which it accepts comment from affected parties, prior to determining whether to issue such a certificate. See 15 U.S.C. § 717f(c)(1)(A).

3.   The Act provides a right of judicial review of FERC's issuance of a Certificate to those who participate in FERC's review of the application for a Certificate (such as the Town). See 15 U.S.C. § 717r(b).  A statutory prerequisite to seeking such review is the filing of a Request for Rehearing with FERC, within 30 days of the issuance of the Certificate.  See 15 U.S.C. § 717r(a).

4.   FERC has discretion to grant or deny rehearing.  See 15 U.S.C. § 717r(a).  If FERC does not act upon a Request for Rehearing within 30 days after it is filed, the Request is deemed denied.  Id.  The Act does not provide a deadline by which FERC must issue a final decision on a request for Rehearing that has been granted.

5. Only after FERC has either denied the Request for Rehearing, or taken final action upon the merits of the Request, may one seek judicial review of the order issuing a Certificate. Such review must be sought in the appropriate Court of Appeals.  <u>See</u> 15 U.S.C. § 717r(a)-(b).

6. The <u>filing</u> of a Request for Rehearing order "shall not, <u>unless specifically ordered by [FERC]</u>, operate as a stay of [FERC's] order."  <u>See</u> 15 U.S.C. § 717r(c) (emphasis added).  The Act is silent as to whether an order shall be stayed following FERC's grant of a Request for Rehearing for consideration.

III. <u>FACTS</u>

1. On March 3, 2015, FERC issued a Certificate to Algonquin, authorizing the company to construct the Algonquin Incremental Market Project in New York, Connecticut, Rhode Island, and Massachusetts.  <u>Excerpts of Certificate of Public Convenience and Necessity</u> (Exhibit A).

2. As is relevant to this matter, the project includes construction of a 4.9-mile high-pressure pipeline, or "Lateral," that will transmit gas from Algonquin's existing facilities in the Town of Westwood, to a new meter and regulating station in the West Roxbury neighborhood of Boston.  <u>Exhibit A</u>, pp. 2, 14.

3. Three miles of the Lateral will be constructed in the Town of Dedham, crossing heavily-populated and highly-developed residential and commercial neighborhoods, and along local streets and regional highways with high traffic volumes.  <u>Excerpts of FERC's Final Environmental Impact Statement, Section 4.8.3, Table H</u>. (Exhibit B).

4.   Approximately 84 residences and 23 commercial properties are within 50 feet of the pipeline route in the Town.  Exhibit B, p. H-4.  Construction in the Town is scheduled to last from June, 2015 through December, 2015 and is to take place during the day and night.

5.   On April 2, 2015, the Town filed a Request for Rehearing of FERC's order issuing the Certificate.  Request for Rehearing (Exhibit C).  Eight other entities also filed Requests for Rehearing.  In its Request, the Town raised concerns related to the Lateral's effect on public health and welfare, which are described in more detail below.

6.   On May 1, 2015, FERC issued an Order Granting Rehearing for Further Consideration, which states that rehearing is being granted "to afford additional time for consideration of the matters raised or to be raised" in all of the Requests for Rehearing that were filed. This order further states that the Requests for Rehearing "will be addressed in a future order," but does not specify or limit the duration of FERC's consideration.  Order Granting Rehearing (Exhibit D).

7.   The Order Granting Rehearing tolls the Town's ability to seek judicial review of FERC's issuance of the Certificate, while FERC considers the arguments raised in the Requests for Rehearing.  See Kokajko v. F.E.R.C.  837 F.2d 524 (1st Cir. 1988) (characterizing such orders as "tolling orders").

8.   On June 8, 2015, Algonquin filed a request for a Notice to Proceed from FERC, to allow it to start construction of certain segments of its project, including those segments that run through the Town.  Request for Authorization  to Commence Construction (Exhibit E).

9.  On June 9, 2015, the Town filed an Opposition to the request for a Notice of Proceed, arguing that no construction should commence until FERC has considered and acted upon the Requests for Rehearing.  <u>Request for Authorization  to Commence Construction</u> (Exhibit F).

10.  On June 11, 2015, FERC issued the Notice to Proceed.  <u>Partial Notice to Proceed</u> (Exhibit G)

11.  Algonquin was scheduled to begin construction on the Lateral at one location in the Town on June 16, 2015, with plans to begin construction at two other locations in the Town on June 29, 2015, and at a fourth location in November, 2015.  Construction within the Town, which is scheduled to take place both day and night, is scheduled to be completed in late December, 2015, and the entire Lateral is scheduled to be completed in September, 2016.

III.   <u>ARGUMENT</u>

A.  <u>Preliminary Injunction Standard</u>

In order to establish the right to injunctive relief, a plaintiff ordinarily must prove: (1) a likelihood of success on the merits of the underlying action; (2) a likelihood of irreparable harm if the injunction is not granted; (3) that the harm of denying injunctive relief outweighs the harm of granting injunctive relief; and (4) that the granting of injunctive relief will serve the public interest. <u>New Comm Wireless Serv., Inc.</u> v. <u>SprintCom, Inc.</u>, 287 F.3d 1, 8–9 (1st Cir. 2002). However, when a party "acts to enforce a statute or make effective a declared policy of Congress," as the Town submits it is doing here, "the standard of public interest and not the requirements of private litigation measure the propriety and need for injunctive relief;" thus a

showing of irreparable harm is not required.  United States v. D'Annolfo, 474 F.Supp. 220, 222

(D.Mass.1979).  Notwithstanding, the Town submits that it will suffer irreparable harm absent

injunctive relief, as explained below.

> B.  The Town is Likely to Succeed on the Merits of its Claim Because, Absent a Stay of
> Construction, the Town's Right to Meaningful Judicial Review Will be Lost

The Town submits it is likely to succeed on the merits of its underlying declaratory

judgment action, because FERC's failure to stay construction of the pipeline while it considers

the Town's Request for Rehearing results in vitiation of the Town's statutory right to *meaningful*

judicial review.  Such a result contravenes not only the Act's guarantee of judicial review of

FERC's decision issuing the Certificate, but also general concepts of fairness.

There is a "strong presumption that Congress intends judicial review of administrative

action."  Rhode Island Dep't of Envtl. Mgmt. v. United States, 304 F.3d 31, 41 (1st Cir. 2002)

(quoting Bowen v. Mich. Acad. of Family Physicians, 476 U.S. 667, 670 (1986)).  For the right

to be satisfied, the review must be *meaningful*; in other words, judicial review, while obviously

not guaranteed to afford a petitioner the relief it seeks, must at least be *capable* of doing so.

Accordingly, Courts do not hesitate to interfere in administrative agency proceedings

where those proceedings might foreclose a petitioner's ability to at least potentially secure relief

through judicial review.  For example, in Aguilar v. U.S. Immigration & Customs Enforcement

Div. of Dep't of Homeland Sec., 510 F.3d 1 (1st Cir. 2007), the Court held that a requirement

under the Immigration and Naturalization Act that all claims arising from removal proceedings

be exhausted at the administrative level before a petitioner could seek judicial review did not

apply to claims which, by their nature could not be effectively raised within the administrative

process.  As subjecting such claims to that process would foreclose meaningful judicial review of

the relevant agency action, the Court held that requiring exhaustion of such claims "would be perverse." Aguilar, 510 F.3d at 11; see also McNary v. Haitian Refugee Ctr., Inc., 498 U.S. 479, 496-97 (1991) (district court had jurisdiction to conduct direct review of INS application denials where an alien could otherwise obtain such review only by surrendering themselves for deportation. "Quite obviously, that price is tantamount to a complete denial of judicial review for most undocumented aliens").  Where administrative exhaustion requirements are concerned, Courts will act if enforcing such requirements may result in harm that cannot be remediated upon judicial review. See Bowen, 476 U.S. at 483-84 (foregoing exhaustion requirement for recipients of social security benefits since delay in obtaining judicial review caused by exhaustion would result in irreparable injury to claimants who were denied benefits); Aguilar, 510 F.3d at 17 ("the most salient questions involve … whether enforcement of the exhaustion requirement will allow meaningful judicial review without inviting an irreparable injury").

Here, the Town does not seek to be excused from exhausting administrative remedies by participating in the Rehearing process; indeed, it welcomes reconsideration by FERC of the decision at issue.  However, the Town contends that, absent a stay of construction during the pendency of the Rehearing process, then its right not only to meaningful judicial review of the order issuing the Certificate (should FERC decide adversely to the Town upon Rehearing), but also to meaningful rehearing by FERC, is foreclosed, because the concerns raised by the Town in its Request for Rehearing relate to public health and welfare, and the harms stemming therefrom cannot be remediated upon judicial review.

Specifically, the Town in its Request for Rehearing challenges the issuance of the Certificate itself, based on the Town's contention that inadequate consideration was given to

alternative routes for the pipeline (alternatives that both do and do not include the Town), and also challenges the adequacy of the conditions that the Certificate imposes on construction of the pipeline which are meant to mitigate the harmful impacts of construction on traffic, noise, and operation of local business.  Mitigation measures are, in part, left to further negotiation between Algonquin and the Town.  See, e.g., Exhibit A, p.32.  The Request further challenges what the Town contends is inadequate safety measures imposed by FERC once the pipeline is constructed. Exhibit C.

The Town's contentions are manifestly meritorious, as FERC has accepted them for consideration.  Indeed, FERC's Grant of Rehearing, and its statement (in the granting order) that it is considering the matters raised by the Town reflects a decision by FERC to reconsider its issuance of the Certificate in its present form, thus creating the possibility that the Certificate may be revoked or modified when FERC takes final action on the Request.

However, even if the Town prevails on Rehearing, or prevails on judicial review (should FERC issue a decision unfavorable to the Town), it will have already suffered the harms relating to construction that it has argued are not adequately addressed in the Certificate, if construction is permitted to proceed while the Request is being considered.  Further, if the pipeline is completed and put in use before final action is taken on the Request, the Town could potentially suffer harms associated with what it contends are inadequate safety measures imposed on the completed pipeline.[1]

---

[1] The Town notes that, in Kokajko, 837 F.2d 524, the FERC proceeding at issue took more than five years to complete, as FERC rescinded its initial order upon a Request for Rehearing, resulting in the filing of a Request for Rehearing by the other side, and tolling orders were issued on each Request.  (The First Circuit ultimately reviewed the order after issuance of FERC's final decision on rehearing.  See Kokajko v. U.S.F.E.R.C., 873 F.2d 419 (1st Cir. 1989)).

The concerns raised by the Town in its Request relate to human health and welfare, and thus are not remediable if the Town ultimately prevails, either upon rehearing by FERC, or upon judicial review.  As such, the circumstances here are unlike Kokajko, *supra*, 837 F.2d 524, where the First Circuit declined to interfere in FERC's rehearing of an order related to fees charged by the operator of a power plant for use of its facilities by the petitioner, and Towns of Wellesley, et. al.. v. F.E.R.C., 829 F.2d 275 (1st Cir. 1987), where the Court declined to interfere in FERC proceedings related to rate hikes. Both of those cases involved FERC orders relating to *economic* matters; thus the Court concluded that interfering in FERC procedures was unnecessary to preserve the petitioner's right to judicial review, because, notwithstanding the delay such procedures caused in the petitioner's ability to secure judicial review, the petitioner could be made whole by a monetary award if he ultimately prevailed.  See Kokajko, 837 F.2d at 526 ("[t]he present matter concerns economic regulation, and human health and welfare are not implicated. … [S]hould the petitioner ultimately prevail, it is assumed he will be refunded any excess payments he may have made"); Towns of Wellesley, et. al., 829 F.2d at 277. ("[w]hat is involved here is economic regulation, not human health and welfare. … [Petitioners] will be refunded any extra payments they have made").

As described above, the Town's concerns here relate to public health and welfare, not economic injury.  If construction is not stayed during FERC's consideration of the Town's Request for Rehearing, the harms suffered by the Town due to construction (and possible completion) of the Lateral cannot be remedied, should the Town ultimately prevail.  As such, the Town's right to *meaningful* judicial review is vitiated if construction is permitted to proceed while FERC considers the Town's Request.

A loss to the Town of its right to meaningful judicial review (and meaningful rehearing) of FERC's underlying order would contravene both the explicit terms of the Act granting such review and rehearing, and the presumption of such review that comes with Congress' delegation of authority to FERC.  Rhode Island Dep't of Envtl. Mgmt., 304 F.3d at 41.  Accordingly, the Town submits that it is likely to succeed on the merits of its request for a declaration that its right to judicial review under the Act requires FERC to exercise its authority to order a stay of construction.

C.  The Town Will Suffer Irreparable Harm if Injunctive Relief is Denied

The Town submits that, as it is attempting to enforce a right to judicial review afforded it by statute, it is not required to establish that it will suffer irreparable harm if injunctive relief is not granted.  D'Annolfo, *supra*, 474 F.Supp. at 222.  However, the Town further submits that it *has* established that irreparable injury will result if construction is not stayed during the pendency of FERC's rehearing in two related respects: First, as discussed, it will suffer the harms attendant to construction (and possible completion) of the pipeline, harms that cannot be remedied by the Court should the Town ultimately prevail upon judicial review; second, it will suffer irreparable injury in having its right to meaningful judicial review denied.

The above harms outweigh the harm FERC and Algonquin will suffer if injunctive relief is granted.  FERC's interests will not be affected if it is ordered to stay construction, particularly since FERC is vested with authority to do so.  See 15 U.S.C. § 717r(c).  While Algonquin is expected to argue that its economic interests are at stake if construction is delayed, the company was not entitled to approval of its project, nor to approval within any specified time period.

Further, where FERC has authority to stay construction during rehearing, Algonquin should not reasonably expect that construction will begin at any particular time.

       D.  <u>The Public Interest Favors Injunctive Relief</u>

Finally, the Town submits that an injunction that will both protect the Town's right to meaningful judicial review, and prevent the harms to the public health and welfare that the Town has noted (at least while FERC is considering the Town's concerns), benefits the public interest.

IV.    <u>CONCLUSION</u>

WHEREFORE, the Town of Dedham respectfully requests that this Honorable Court enter a preliminary injunction, ordering that FERC exercise its authority to stay construction of a proposed pipeline extension within the Town by the defendant Algonquin during the pendency of FERC's consideration of the Town's Request for Rehearing.

TOWN OF DEDHAM, by and through its
Board of Selectmen,

By its attorneys,


/s/ Jackie Cowin          
Jackie Cowin (BBO# 655880)
Jonathan D. Eichman (BBO# 641227)
John J. Goldrosen (BBO# 634434)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
jcowin@k-plaw.com
jeichman@k-plaw.com
jgoldrosen@k-plaw.com

524340/DEDH/0191