UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 15-CV-12352

TOWN OF DEDHAM, by and through its
BOARD OF SELECTMEN,

    Plaintiff

v.

FEDERAL ENERGY REGULATORY
COMMISSION and ALGONQUIN GAS
TRANSMISSION, LLC

    Defendants

EMERGENCY MOTION FOR
SCHEDULING OF HEARING
ON MOTION FOR
PRELIMINARY INJUNCTION

Now comes the plaintiff, Town of Dedham ("Town"), and hereby requests that this Court schedule a hearing as soon as is practical on the Town's Motion for Preliminary Injunction in this matter. As grounds therefor, the Town relies on the within Statement of Reasons.

STATEMENT OF REASONS

1. On June 17, 2015, the Town filed a Complaint, seeking a declaration that the right afforded the Town under the Natural Gas Act, 15 U.S.C. § 717, *et seq* (the "Act"), to judicial review of decisions of the defendant Federal Energy Regulatory Commission ("FERC") obligates FERC to exercise its authority to order a stay of construction of certain segments of a high-pressure gas pipeline by the defendant Algonquin Gas Transmission, LLC ("Algonquin"), during the pendency of FERC's consideration of the Town's Request for Rehearing of an order issued by FERC approving the construction – a Request the Town was statutorily required to file in order to obtain judicial review.

1

2. The Town contemporaneously filed a Motion for Preliminary Injunction, seeking that the Court order that FERC immediately exercise its authority to order a stay of construction of the pipeline during pendency of FERC's consideration of the Town's Request for Rehearing.

3. The Town sent the Complaint, Motion for Preliminary Injunction and the instant Motion for service on all necessary parties on June 17, 2015, and will file its Returns of Service immediately upon receipt.

4. As described in the Memorandum supporting the Town's Motion for Preliminary Injunction, construction on the pipeline within the Town was expected to commence on June 16, 2015 or shortly thereafter.

5. As further described in the Memorandum supporting the Town's Motion for Preliminary Injunction, injunctive relief is necessary because, absent such relief, the Town's statutory right to judicial review of the order allowing construction, which the Town seeks to preserve through its underlying action, will be rendered meaningless.

6. If the Court is inclined to hold a hearing on the Town's Motion, delay in holding such a hearing will force the Town to incur the harms it is seeking to prevent through its Motion for Preliminary Injunction.

7. Accordingly, the Town requests that a hearing on its Motion for Preliminary Injunction be held as soon as is practical.

WHEREFORE, the Town requests a hearing on its Motion for Preliminary Injunction be scheduled as soon as is practical.

TOWN OF DEDHAM, by and through its
Board of Selectmen,

By its attorneys,

/s/Jackie Cowin
Jackie Cowin (BBO# 655880)
Jonathan D. Eichman (BBO# 641227)
John J. Goldrosen (BBO# 634434)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
jcowin@k-plaw.com
jeichman@k-plaw.com
jgoldrosen@k-plaw.com

524307/DEDH/0191