UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12352-GAO

TOWN OF DEDHAM, by and through its BOARD OF SELECTMEN,
Plaintiff,

v.

FEDERAL ENERGY REGULATORY COMMISSION and ALGONQUIN GAS
TRANSMISSION, LLC,
Defendants.

OPINION AND ORDER
July 15, 2015

O'TOOLE, D.J.

This action stems from defendant Algonquin Gas Transmission, LLC's plan to build a high-pressure gas pipeline through the Town of Dedham. Dedham has sued for declaratory and injunctive relief, seeking to postpone the commencement of construction pending further proceedings before the Federal Energy Regulatory Commission ("FERC"). Algonquin and FERC have opposed the Town's motion for a preliminary injunction and have moved to dismiss Dedham's complaint.

**I.      Background**

In March 2015, FERC issued a certificate authorizing Algonquin to construct a pipeline through areas in New York, Connecticut, Rhode Island, and Massachusetts, including Dedham. In early April, Dedham requested a rehearing before the FERC. FERC granted a rehearing "for the limited purpose of further consideration" of the issues raised by the request. (Order Granting Rehearing at 1 (dkt. no. 3-4).) Neither the request itself nor FERC's limited grant operated to suspend the efficacy of the certificate.

On June 8, 2015, Algonquin requested FERC's authorization to begin construction of a portion of the pipeline that will run through Dedham. Dedham opposed Algonquin's request the next day and requested that FERC stay construction of the pipeline. On June 11, FERC granted Algonquin's request and issued it a partial notice to proceed. Concerned that the ongoing construction will effectively deny it any meaningful opportunity for reconsideration of FERC's issuance of the certificate, Dedham seeks a preliminary injunction staying construction. Algonquin and FERC join in arguing that, under the Natural Gas Act ("NGA"), this Court lacks jurisdiction over Dedham's suit.

## II.  Discussion

When considering whether to issue a preliminary injunction, a court must weigh the following four factors:

> (1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs (i.e., a balancing of the equities); and (4) the effect, if any, on the public interest.

United States v. Weikert, 504 F.3d 1, 5 (1st Cir. 2007) (citing Bl(a)ck Tea Soc'y v. City of Boston, 378 F.3d 8, 11 (1st Cir. 2004)). The first of these factors is usually the most important and determinative, and that is the case here.

Under the relevant portion of the NGA, the courts of appeals are given exclusive jurisdiction to review FERC decisions. 15 U.S.C. § 717r(b). It is well-settled that § 717r's exclusivity provision forecloses judicial review of a FERC certificate in district court. See, e.g., Am. Energy Corp. v. Rockies Express Pipeline LLC, 622 F.3d 602, 605 (6th Cir. 2010) ("Exclusive means exclusive, and the Natural Gas Act nowhere permits an aggrieved party otherwise to pursue collateral review of a FERC certificate in state court or federal district court.");

Williams Nat. Gas Co. v. City of Okla. City, 890 F.2d 255, 262 (10th Cir. 1989) ("Judicial review under § 19(b) is exclusive in the courts of appeals once the FERC certificate issues.").

Dedham argues it is not seeking review of the FERC certificate decision in this action, but simply a stay of construction while FERC addresses the request for reconsideration. This is nothing more than a preservation of the status quo pending adjudication, it says, a common purpose of temporary injunctions. Recognizing that this Court does not have jurisdiction under § 717r, it invokes a different NGA provision, § 717u, which provides:

> The District Courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability of duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder.

The Town's argument is unpersuasive. In the first place, § 717u is simply an enforcement provision, not an open-ended grant of jurisdiction to the district courts. See Tenn. Gas Pipeline Co. v. Massachusetts Bay Transp. Auth., 2 F. Supp. 2d 106, 109-10 (D. Mass. 1998) (explaining that "[t]his Court's role is one of mere enforcement"); Panhandle E. Pipe Line Co. v. Utilicorp United Inc., 928 F. Supp. 466, 474 (D. Del. 1996) (holding that § 717u gives district courts "jurisdiction to enforce . . . liability" but "[a]ny alleged infirmity with the FERC's ruling involving the merits or its authority to so rule needs to be passed upon by the [court of appeals]"). Dedham is not seeking by this suit to enforce an order or rule of the Commission. To the contrary, it is trying to undo the effect of an order – the notice to proceed.

And that leads to the corollary point: in seeking a stay despite the notice to proceed, Dedham *is* effectively asking for review of that notice. It is asking this Court to override the notice. That is not within the enforcement authority given to the district courts by § 717u. Review of FERC orders is placed in the courts of appeals by § 717r.

3

While full review of the Commission's action is not yet available under § 717r pending the outcome of the reconsideration process, Dedham is not without an avenue to the immediate relief it seeks. Under the All Writs Act,[1] Dedham may apply to the Court of Appeals for, and that Court may grant, ancillary relief in aid of its future jurisdiction. <u>Telecomms. Research & Action Ctr. v. F.C.C.</u>, 750 F.2d 70, 79 (D.C. Cir. 1984); <u>accord</u> <u>Sea Air Shuttle Corp. v. United States</u>, 112 F.3d 532, 538 (1st. Cir. 1997) (explaining that appellant "could have pursued a writ of mandamus from the court of appeals" when faced with "agency inaction").

The defendants are correct that this Court lacks subject matter jurisdiction to give the Town the relief it seeks.

### III.   Conclusion

For the foregoing reasons, the plaintiff's Motion for a Preliminary Injunction (dkt. no. 2) is DENIED and the Motions to Dismiss (dkt. nos. 26, 39) are GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).